STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-28
JRA - KEN - 10|25/2000

INHABITANTS of the
TOWN of CLINTON,

Appellee

v.

DECISION AND ORDER

CHARLES McINTYRE, SR.,

Appellant

This matter is before the court on defendant's M.R. Civ. P. 76D appeal of the District Court's Judgment entered February 24, 2000 (District VII, Div. of Northern Kennebec (Westcott, J.)).

I.    Facts and Procedural History

Pursuant to M.R. Civ. P. 80K, the Town of Clinton ("Town") obtained a judgment from the District Court ordering the petitioner to remove all items from his junkyard which constituted land use violations. Should petitioner not perform these tasks, the District Court ordered him to reimburse the Town for reasonable costs incurred by the Town for the clean-up operations. Petitioner failed to comply with the District Court's order, causing the Town to undertake the clean-up task itself. The Town then moved for enforcement of the District Court's judgment by seeking a writ of execution pursuant to M.R. Civ. P. 69. After a hearing on January 13, 2000, at which both parties were present, the District Court authorized the issuance of a writ. The Town obtained the writ of execution for $8,943.04 on March

6, 2000. Mr. McIntyre filed his notice of appeal with the District Court on March 24, 2000.

## II.  Discussion

An appeal taken pursuant to M.R. Civ. P. 76D shall be reviewed on questions of law only.  Any findings of fact of the District Court shall not be set aside unless clearly erroneous. *Id.*

Mr. McIntyre challenges the constitutionality of the District Court's original decision ordering the removal, *inter alia*, of a scaffolding structure.  Petitioner claims that this structure supported "signs of free speech", the removal of which violated his right to free speech under both U.S. and Maine Constitutions.  Assuming, without deciding, that this argument can be heard on appeal from the District Court, it is without merit.  Mr. McIntyre neither aids this court in understanding, nor is it readily apparent, how scaffolding, which offends the Town's land use ordinances, is speech; a finding of which is a necessary prerequisite to First Amendment analysis.  To the extent that the Town's land use ordinances affects the display of signs by Mr. McIntyre, those restrictions do not significantly and directly affect speech.  In addition, the land use ordinances appear to be legitimate restrictions by the Town as they are content-neutral as to time, place, and manner which therefore do not violate the right to free speech.  *Ward v. Rock Against Racism*, 491 U.S. 781, 797-99 (1989).

Mr. McIntyre's objection to the amount owed by him to the Town does have some merit.  The account statement, which includes all costs incurred by the Town

as a result of executing the clean-up of petitioner's junkyard, contains a mathematical error. The statement correctly itemizes a credit owed the petitioner for $700.00. This amount reflects the salvage value received by the Town in a sale of junk automobiles it removed from petitioner's property. After subtracting this sum from total debits of $3,932.48 the statement reflects a remaining balance of $3,262.36. The total balance due should be $3232.48.

The Town is also seeking sanctions against McIntyre for filing a frivolous appeal. The deficiency of Mr. McIntyre's appeal does not appear to be caused by an intent to "interpose a delay." M.R. Civ. P. 11. To the contrary, the appeal was successful to the extent that it was based upon a miscalculation of costs owed by petitioner to the Town. As such, sanctions against petitioner are not warranted.

Therefore the entry will be:

The District Court's decision to issue a writ of execution is AFFIRMED and MODIFIED to reflect the correct balance owing to the Town in the amount of $3232.48. REMANDED to the District Court for action consistent with this Decision and Order.

Dated: October 25, 2000

John R. Atwood
Justice, Superior Court

Date Filed __5/12/00__ ___Kennebec___ Docket No. __AP00-28__
County

Action __Appeal from District Court__
Civil land use

**J. ATWOOD**

DONALD L. GARBRECHT
LAW LIBRARY

**NOV 14 2000**

___Inhabitants of the Town of Clinton___ vs. ___Charles McIntrye, Sr.___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jeffrey Towne, Esq. <br> 179 Main Street <br> Waterville, Maine 04901 | PO BOX 273 <br> CLINTON MAINE 04927 |

| Date of Entry | |
|---|---|
| 5/15/00 | Appeal from Northern Kennebec District Court with all papers, filed. |
| 5/15/00 | Notice of briefing schedule mailed to atty and Dft. |
| 5/18/00 | Appellees motion to dismiss appeal filed. s/Towne Esq <br> Proposed order of dismissal filed. |
| 6/2/00 | Letter regarding the time filing of the appeal filed. s/McIntyre Sr pro se <br> (opposition to motion to dismiss) |
| 6/19/00 | Appendix of Appellant, filed. <br> Brief of Appellant, filed. s/Charles McIntrye, Sr., Pro Se |
| 6/21/00 | Brief of appellee filed. s/Towne Esq |
| 7/6/00 | Hearing had on the motion to dismiss appeal with Justice Atwood presiding, Atty Towne present, and pro se defendant Charles McIntyre present. <br> Tape # 534 (Index 1318-1952) <br> Court to take **UNDERADVISEMENT** |
| 7/12/00 | Motion to dismiss defendants appeal filed. s/McIntyre Pro Se |
| 8/11/00 | ORDER, Atwood, J. <br> Motion to Dismiss Appeal is DENIED. <br> So Ordered. <br> Copies mailed to atty and Dft. |
| 10/6/00 | Hearing had on oral arguments with Justice John Atwood, presiding. <br> Tape 546 Index 3920-5257 <br> Jeffrey Towne, Esq. for the Plaintiff and Charles McIntyre, Pro Se Deft. <br> Oral arguments made to the court. <br> Court to take matter under advisement. |
| 10/25/00 | DECISION AND ORDER, Atwood, J. <br> The District Court's decision to issue a writ of execution is AFFIRMED and MODIFIED to reflect the correct balance owing to the Town in the amount of $3232.48. REMANDED to the District Court for action consistent with this Decision and Order. <br> Copies mailed to atty and Dft. |